MARIA PALMA *vs.* PASQUALE NOTARIANNI *et al.*

DECEMBER 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN J. This is an action in assumpsit based on an instrument written in the Italian language. At the trial in the Superior Court the parties agreed that a correct translation of the instrument is as follows:

"Cranston, R. I., July 23, 1923.

We, the undersigned declared to be indebted with Mrs. Maria Palma Di Pinta, wife of the late Gennaro in the sum of $900, nine hundred dollars. In addition I obligate myself to pay interest at seven per cent in advance for each six months. Whenever the creditor desires the money back she must make it known two months.

PASQUALE NOTARIANNI,
MARIA G. NOTARIANNI.

Guarantors:                                  ANTONIO MANZO,
ANTONIO SACCOCCIO,                                    Witness."
FRANCESCO NOTARIANNI.

With consent of Pasquale and Maria Notarianni, the parties primarily liable, a verdict for $1026 was directed against them, and the plaintiff was nonsuited as to Saccoccio and Francesco Notarianni, who were treated as guarantors, on the ground that the suit as to them was barred by the statute of limitations. The case is before us on the plaintiff's exception to a ruling nonsuiting the plaintiff as to the defendants who are termed guarantors.

This action was commenced August 15, 1929, that is, six years and twenty-three days after the execution of the above instrument. The declaration consists of a count on a promissory note and a count for money had and received. The plaintiff admits that the instrument sued on is not a promissory note and she does not contend that the parties termed guarantors received any portion of the money. At the time the above instrument was executed the plaintiff loaned $300 to the persons primarily liable who already owed her $600. Interest was paid for several years, and in the meantime no demand was made.

The money was not payable on demand; had the plaintiff desired payment immediately after the execution of the instrument she was, by the terms thereof, required to give a notice of two months before she could have maintained a suit therefor. As suit was commenced within six years after the action would have accrued had the plaintiff given notice immediately, it is unnecessary to consider whether the running of the statute, as to said defendants, was postponed until the time of demand.

Although the statute was no bar to the action, the ruling nonsuiting the plaintiff as to the parties termed guarantors is supported on another ground; a contract of guaranty is an agreement separate and distinct from the main agreement, 12 R. C. L. 1077, and as there was no count on which the plaintiff could have recovered against the persons termed guarantors it follows that the ruling nonsuiting the plaintiff as to them was correct. It is clear that said persons did not intend to become primarily liable and it is un-

necessary to consider whether, by writing their names under the word "guarantors," they guaranteed payment of the sum mentioned in the instrument. It should be noted that the plaintiff made no attempt to prove what the contract was. Whether, in view of the statute, oral testimony on this question would have been admissible we do not decide.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the nonsuit.

*Ralph Rotondo, John Di Libero,* for plaintiff.

*Edward M. Sullivan, John J. Sullivan, Albert A. Soriero,* for defendants.